PETER S. HECKER, Cal. Bar No. 66159
phecker@sheppardmullin.com
ANNA S. McLEAN, Cal. Bar No. 142233
amclean@sheppardmullin.com
CRAIG A. PINEDO, Cal. Bar No. 191337
cpinedo@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:    415.434.9100
Facsimile:     415.434.3947

Attorneys for Defendant AMERICREDIT FINANCIAL SERVICES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JUAN A. CÁRDENAS and FLORENCIA HERRERA de CÁRDENAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 09-4978 SBA<br><br>CLASS ACTION<br><br>**DEFENDANT AMERICREDIT FINANCIAL SERVICES, INC.'S OBJECTION AND MOTION TO STRIKE DECLARATION OF KATHRYN ALVARADO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date:         February 23, 2010<br>Time:        1:00 p.m.<br>Judge:      Hon. Saundra B. Armstrong<br>Courtroom: 1, 4th Floor<br><br>[Case Filed:   October 7, 2009] |
|---|---|

W02-WEST:5MON1\402313752.1

DEFENDANT'S OBJECTION AND MOTION TO STRIKE DECLARATION OF KATHRYN ALVARADO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

## I. INTRODUCTION

Plaintiffs Juan A. Cárdenas and Florencia Herrera de Cárdenas ("plaintiffs") filed the Declaration of Kathryn Alvarado ("Alvarado Decl.") on November 9, 2009 in support of their opposition to defendant AmeriCredit Financial Services, Inc.'s ("AmeriCredit's") motion to compel arbitration. Defendant brings this objection and motion to strike the Alvarado declaration on the following basis: it is (1) irrelevant, (2) includes hearsay and (3) includes improper expert opinion. Thus, it should not be considered in ruling upon AmeriCredit's Motion.

## II. ARGUMENT

### A. The Alvarado Declaration is Irrelevant

The Alvarado Declaration should be stricken in its entirety because it is irrelevant. Under Fed. R. Evid. 401, only relevant evidence is admissible. "Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the termination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Judges have "wide discretion" is determining whether evidence is relevant. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004). Thus, declarations that are irrelevant to a plaintiff's claims may be excluded. *See Lynne Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1063-64 (C.D. Cal. 2006).

The Alvarado declaration purportedly reflects a single consumer's experience in attempting to obtain (and in fact obtaining) representation after her vehicle was repossessed. Ms. Alvarado's experience does not have any tendency to make the existence of any fact in this case more or less probable. Ms. Alvarado admits she is not an AmeriCredit customer. Alvarado Decl. ¶ 1. She does not attach the pleadings in her case against an unnamed credit union, or otherwise testify as to what claims or defenses were at issue. A declaration of a single individual in a repossession case in another court involving unspecified parties, claims and defenses cannot make any fact more or less probable in this case.

### B. The Alvarado Declaration Contains Hearsay

Portions of the Alvarado declaration contain hearsay, which should be stricken. Fed. R. Evid. Rules 801, 802. Thus, Ms. Alvarado purports to describe the content of her communications, with Mr. Ogilvie, plaintiffs' counsel, at page 2, ¶ 4 and page 3, ¶¶ 6, 7, and 8. Ms. Alvarado also purports to describe her conversation with an unnamed Barstow-area attorney at pages 2-3, ¶ 5. All such references should be stricken as hearsay; they are offered for the truth of the matters stated and no hearsay exception is proffered or applicable.

### C. The Alvarado Declaration Purports to Offer An Improper Expert Opinion

The Alvarado Declaration is also an improper expert opinion. Under Fed. R. Evid. 701, law witness testimony is limited to opinions "rationally based on the perception of the witness" and "not based on . . . specialized knowledge within the scope of Rule 702." Under Fed. R. Evid. 702, expert testimony is admissible if it "will assist the trier of fact" and is "based on sufficient facts or data." In her declaration, Ms. Alvarado opines, "I understand that AmeriCredit is arguing that the deficiency claims in these cases are large enough so consumers can find lawyers to represent them when they have good claims or defenses. From my personal experience, I can tell the Court this is untrue." Alvarado Decl. ¶ 1. This purports to offer expert opinion with regard to whether consumers in similar cases are likely to obtain representation. Ms. Alvarado, as an individual consumer, is not qualified to testify as to what cases lawyers will take.

### III. CONCLUSION

For the foregoing reasons, AmeriCredit respectfully requests that the Court strike the Alvarado Declaration in its entirety, and exclude all such proffered evidence when considering the motion to compel arbitration.

Dated: November 16, 2009        Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By          /s/ Anna S. McLean
            ANNA S. McLEAN
         Attorneys for Defendant
     AMERICREDIT FINANCIAL SERVICES, INC.

-3-

W02-WEST:5MON1\402313752.1

DEFENDANT'S OBJECTION AND MOTION TO STRIKE
DECLARATION OF KATHRYN ALVARADO IN
SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION