1

2                    UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                          OAKLAND DIVISION

5

6    BRANDI R. BANKSTON, individually and on        Case No:  C 09-4978 SBA
     behalf of all others similarly situated,

7                                                   **ORDER DENYING PLAINTIFF'S**
                    Plaintiffs,                     **REQUEST TO EXTEND**
                                                    **DISCOVERY CUT-OFF**
8            vs.

9    AMERICREDIT FINANCIAL SERVICES,
     INC.,

10
                    Defendants.
11

12

13        On June 10, 2010, the Court issued an Order holding the pending motions in abeyance

14   while the Judicial Panel on Multidistrict Litigation ("Panel") considers Plaintiff's motion to

15   transfer for consolidated and coordinated pretrial proceedings.  (Docket 124.)  On June 11,

16   2010, Plaintiff submitted a letter to the Court complaining that defendant AmeriCredit

17   Financial Services ("AmeriCredit") has not filed or served its opposition to her motion for

18   summary judgment.  Plaintiff's counsel avers that he "need[s] AmeriCredit's opposition to the

19   summary judgment [motion] in order to prepare Ms. Bankston's case."  (Docket 126.)  Counsel

20   indicates that if the Court's order holding the motions in abeyance relieves AmeriCredit of its

21   obligation to file its summary judgment opposition brief at this time, he "needs additional time

22   to conduct follow up discovery after she eventually receives AmeriCredit's opposition and

23   therefore requests that the Court extend the discovery cutoff date accordingly."  (Id.)

24        As an initial matter, Plaintiff should be aware that all requests filed in this Court must

25   comport with the provisions of Civil Local Rule 7.  Not only is Plaintiff's letter in violation of

26   the Local Rules, there also is no indication that her counsel first met and conferred with

27   opposing counsel, as required by the Standing Orders of this Court.  But even if Plaintiff had

28   properly submitted such request, the Court finds her position unpersuasive.  The Court's June

1   10, 2010 Order clearly states that the pending motions are being held in abeyance while the

2   Panel considers her motion to transfer.  That Order obviously includes AmeriCredit's

3   opposition brief.

4          The above notwithstanding, it is unclear why Plaintiff requires AmeriCredit's

5   opposition brief in order to prepare her case.  AmeriCredit's position in this litigation and its

6   defenses to Plaintiff's claims should already have been apparent to her counsel through the

7   discovery process.  See Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009)

8   ("Generally, the purpose of discovery is to remove surprise from trial preparation so the parties

9   can obtain evidence necessary to evaluate and resolve their dispute").  With regard to

10  Plaintiff's related request to extend the discovery cut-off (to an unspecified date), the Court

11  finds that she has failed to demonstrate why, in the exercise of due diligence, she is unable to

12  complete discovery by the discovery cut-off date.  Johnson v. Mammoth Recreations, Inc., 975

13  F.2d 604, 609 (9th Cir. 1992) ("good cause" to justify modification of a pretrial scheduling

14  order exists where a deadline "cannot reasonably be met despite the diligence of the party

15  seeking the extension").  Accordingly,

16         IT IS HEREBY ORDERED THAT Plaintiff's request to extend the discovery cut-off

17  date is DENIED.  AmeriCredit need not file its opposition to Plaintiff's motion for summary

18  judgment unless and until otherwise ordered by the Court.

19         IT IS SO ORDERED.

20  Dated: June 22, 2010

                                    _____
                                    SAUNDRA BROWN ARMSTRONG
21                                  United States District Judge

22

23

24

25

26

27

28