UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUAN A. CARDENAS and FLORENCIA HERRERA de CARDENAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No: C 09-04978 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>Docket 76 |

The parties are presently before the Court on the Motion to Stay filed by Defendant AmeriCredit Financial Services, Inc. ("AmeriCredit"). Dkt. 76. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.   BACKGROUND**

On October 7, 2009, Plaintiffs Juan A. Cardenas and his wife, Florencia Herrera de Cardenas, filed a class action complaint in San Francisco County Superior Court against AmeriCredit, alleging claims for (1) violation of the UCL, which, in turn, is predicated on a violation of Rees-Levering Automobile Sales Finance Act ("the Act"), Cal. Civ. Code

§ 2981, et seq., and (2) for declaratory relief.[1]  These claims are based upon an Installment Agreement ("Agreement") signed by Mr. Cardenas when he purchased a Toyota Scion from an automobile dealer in 2005.  Mr. Cardenas defaulted on his payments, resulting in the repossession and eventual sale of his car for less than the amount owed under the terms of the Agreement.  After AmeriCredit attempted to collect the deficiency balance from Mr. Cardenas, he and his wife filed suit, claiming that AmeriCredit has no right to collect the deficiency from them on the grounds that the Agreement failed to provide the requisite information required by the Act.

In response to the Complaint, AmeriCredit filed a motion to compel arbitration and dismiss, or alternatively, to stay, on the grounds that Plaintiff's claims are subject to the arbitration clause contained in the Agreement.  Plaintiffs countered that the arbitration clause is not enforceable, inter alia, because it allegedly is unconscionable and because claims for injunctive relief under the UCL are not arbitrable.  On September 13, 2010, the Court issued its Order denying AmeriCredit's motion.  9/13/11 Order, Dkt. 52.  The Court rejected Plaintiffs' contention that the arbitration clause was unconscionable.  Id. at 6-12.  Nevertheless, the Court concluded that under the California Supreme Court's decisions in Broughton v. Cigna Healthplans of Cal., 21 Cal.4th 1066, 1082 (1999) and Cruz v. PacifiCare Health Sys., 30 Cal.4th 303, 316 (2003), Plaintiffs could not be compelled to arbitrate claims for *injunctive relief* under the UCL.  Id. at 12-15.

On October 12, 2010, AmeriCredit filed a Notice of Appeal from the Court's Order denying its motion to compel.  Dkt. 64.[2]  Plaintiffs filed a cross-appeal based on the Court's

---

[1] On October 2, 2009, Andrew Oglivie of Kemnitzer, Anderson, Barron, Oglivie & Brewer LLP filed a separate suit against AmeriCredit on behalf of Brandi Bankston.  See Bankston v. AmeriCredit Fin. Servs., Inc., C 09-4892 SBA.  Mr. Oglivie and the same firm filed the instant action, which is essentially identical to the Bankston action, a few days later on October 7, 2009.  On January 10, 2011, the Court granted AmeriCredit's motion for summary judgment and dismissed the action on the ground that the plaintiff lacked standing.

[2] Under the Federal Arbitration Act, a party may immediately appeal a court order denying a motion to compel arbitration.  9 U.S.C. § 16(a)(1)(B).

finding that the arbitration clause was not unconscionable. Dkt. 67.[3]  AmeriCredit now moves to stay the action pending resolution of the appeals before the Ninth Circuit. Dkt. 76. AmeriCredit argues that a stay is warranted for three reasons: (1) a reversal of the Court's ruling would mandate that Plaintiffs submit their claims to arbitration, thereby rendering further proceedings moot; and (2) the Supreme Court's forthcoming decision in AT&T Mobility LLC v. Concepcion, 130 S.Ct. 3322 (2010) will resolve the question of whether the Federal Arbitration Act ("FAA") preempts state laws governing arbitrability.[4] Plaintiffs and AmeriCredit have filed an opposition and reply, respectively, and the matter is now ripe for adjudication.

## II.    LEGAL STANDARD

A federal court has discretionary authority to stay an ongoing proceeding, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The power to stay the proceedings extends to stays pending resolution of separate judicial proceedings, and does not require the issues in such proceedings to be determinative of the action before the court. Leyva v. Certified Grocers, 593 F.2d 857, 863-64 (9th Cir. 1979). In determining whether a stay is appropriate, the court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Landis, 299 U.S. at 254; accord Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). A district court's decision to grant or deny a Landis stay is a matter of

---

[3] According to PACER, briefing on the appeal and cross-appeal is scheduled to be completed by early May 2011. See Ninth Cir. Case Nos. 10-17292, 10-17435.

[4] As a third basis for its stay motion, AmeriCredit argues that the Court should defer further consideration of this action pending its resolution of the pending motions in the companion, related case, Bankston v. AmeriCredit Fin. Servs., Inc., C 09-4892 SBA. Def.'s Mot at 1, 10-11. Since the Court has since dismissed the Bankston action, AmeriCredit's arguments based on the pendency of Bankston are moot.

1  discretion.  See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059,
2  1066 (9th Cir. 2007).  The party proposing the stay bears the burden of proving that such a
3  discretionary stay is warranted.  See Clinton v. Jones, 520 U.S. 681, 708 (1997).
4     Though citing Landis as legal justification for it stay request, Defendant frames its
5  motion under the four-part test employed in Hilton v. Braunskill, 481 U.S. 770 (1987).  In
6  that case, the Supreme Court held that in considering a request to stay an order, the Court
7  should consider:  (1) whether the stay applicant has made a strong showing that he is likely
8  to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;
9  (3) whether issuance of the stay will substantially injure the other parties interested in the
10 proceeding; and (4) where the public interest lies.  Id. at 776.  Hilton generally applies to
11 requests to stay a specific order or judgment, as opposed to a request to stay a proceeding.
12 See, e.g., Doe 1 v. AOL LLC, 719 F. Supp. 2d 1102, 1107 n.1 (N.D. Cal. 2010)
13 (Armstrong, J.); In re Wells Fargo Mortgage-Backed Certificates Litig., No. C 09-1376
14 LHK, 2010 WL 5422554, at *3 n.2 (N.D. Cal. Dec. 27, 2010) (same) (Koh, J.); ASIS
15 Internet Servs. v. Member Source Media, LLC, No. C 08-1321 EMC, 2008 WL 4164822,
16 at *1 n.1 (N.D. Cal. Sept. 8, 2008) (same) (Chen, M.J.).  In addition, the Court notes that
17 the crux of AmeriCredit's motion is that the Supreme Court's forthcoming decision in
18 Concepcion will inform, if not resolve, some or all of the issues currently on appeal.  Given
19 that Defendant's argument are focused on judicial efficiency, the Court finds that the
20 instant motion is more appropriately resolved consistent with the considerations set forth in
21 Landis.[5]

---

[5] As a practical matter, the outcome of the instant motion remains the same regardless of whether the Court applies the Hilton or Landis standard.  The Ninth Circuit has observed that "[t]he system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration."  See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990).  In this instance, the Court is satisfied that AmeriCredit has shown the existence of a "substantial question" that merits a temporary stay of this action.

### III. DISCUSSION

#### A. ORDERLY COURSE OF JUSTICE

Defendant contends that the Supreme Court's forthcoming decision in Concepcion will resolve some or all of the issues currently on appeal. Specifically, the Supreme Court currently is reviewing the Ninth Circuit's decision in Laster v. AT & T Mobility LLC, 584 F.3d 849 (9th Cir. 2009), cert. granted sub. nom, AT & T Mobility LLC v. Concepcion, 130 S.Ct. 3322 (May 24, 2010), which held that a class action waiver provision in an arbitration agreement was unconscionable and unenforceable under California law. Id. at 855. In reaching that conclusion, the Ninth Circuit concluded that "[t]he [FAA] does not expressly or impliedly preempt California law governing the unconscionability of class action waivers in consumer contracts of adhesion." Id. at 856. The defendants in Laster filed a petition for a writ of certiorari with the Supreme Court, which was granted on May 24, 2010. The question presented in the writ petition is: "Whether the Federal Arbitration Act preempts States from conditioning the enforcement of an arbitration agreement on the availability of particular procedures - here, class-wide arbitration - when those procedures are not necessary to ensure that the parties to the arbitration agreement are able to vindicate their claims." Pet. for a Writ of Cert., No. 09-893, 2010 WL 304265, at *i (U.S. Jan. 25, 2010).

While it is debatable whether the Supreme Court's anticipated decision in Concepcion necessarily supports the AmeriCredit's assertion that it is likely to prevail in its appeal from this Court's order denying its motion to compel arbitration, the Court agrees that such decision will bear upon the matter of whether the arbitration clause at issue is arbitrable. More specifically, Concepcion will address the interplay between state laws concerning unconscionability and the enforceability of arbitration clauses. That particular issue currently is before the Ninth Circuit *in this case* as a result of Plaintiff's cross-appeal from this Court's finding that AmeriCredit's arbitration clause is not unconscionable. Plaintiffs ignore that critical fact, and instead, contend that Concepcion will not reach the secondary question of whether the California Supreme Court's decisions in Broughton and

Cruz prohibit the arbitration of UCL claims seeking only injunctive relief. The Court disagrees. Although Concepcion may not directly address that particular issue, it is possible that the Supreme Court will provide general guidance on the matter of whether, and to what extent, the FAA preempts state laws affecting the enforcement of arbitration clauses. Thus, the Court finds that Concepcion will be instructive with respect to some or all of the issues currently on appeal. See Leyva, 593 F.2d at 864 ("[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

### B.    BALANCE OF HARMS

#### 1.    Injury to AmeriCredit in the Absence of a Stay

AmeriCredit contends that absent a stay, it will incur unspecified "significant costs litigating the case" before the Ninth Circuit rules on the appeals. Def.'s Mot. at 8. As a general matter, "monetary harm does not constitute irreparable harm." Cal. Pharmacists Ass'n v. Maxwell-Jolly, 563 F.3d 847, 851 (9th Cir. 2009). However, in the context of an appeal from order denying a motion to compel arbitration, litigation costs may be considered irreparable harm, since the benefits of arbitration, i.e., "speed and efficiency," would be lost if a case proceeded to trial when it should have been arbitrated in the first instance. See Alascom, Inc. v. ITT North Elec. Co., 727 F.2d 1419, 1422 (9th Cir. 1984) (noting benefits of arbitration); Steiner v. Apple Computer, Inc., No. 07-4486 SBA, 2008 WL 1925197, at *4-*5 (N.D. Cal. April 29, 2008) (construing expenditure of resources as satisfying irreparable harm requirement).

Plaintiffs do not dispute that AmeriCredit may unnecessarily incur litigation expenses absent a stay. Rather, Plaintiffs claim that AmeriCredit would incur litigation expenses irrespective of a stay given the pendency of two other related federal court lawsuits (now only one since the Bankston action has been dismissed) involving AmeriCredit. Pl.'s Opp'n at 8. However, Plaintiffs cite no authority for the novel proposition that litigation expenses incurred in *other* lawsuits are germane for purposes of

1    evaluating the harm that a party would incur in the absence of a stay.  Nor is the Court
2    persuaded by Plaintiff's contention that AmeriCredit has failed to quantify the precise
3    amount of litigation costs that it will incur should the case proceed as currently scheduled.
4    Id.  Having presided over this case since its inception, the Court is well aware of the
5    contentious and active nature of this litigation.  As such, there can be no legitimate dispute
6    that conducting further proceedings, up to and including preparing for and conducting a
7    trial *that may ultimately be unnecessary*, would result in significant litigation costs—as
8    well as the expenditure of judicial resources.

9               **2.      Injury to Plaintiffs in the Event of a Stay**

10         Finally, Plaintiffs allege that further delay in resolving this action will cause to harm
11   themselves as well as class members because AmeriCredit has improperly reported
12   deficiency claims to the credit bureaus will remain on their credit histories until the case is
13   concluded.  Pl.'s Opp'n at 9.  Although Plaintiffs have not personally submitted any
14   declarations to support their showing of harm, they instead proffer the declaration of Evan
15   Hendricks, a purported credit expert, who opines that derogatory remarks on an a credit
16   report negatively impacts an individual's FICO score and impede his or her ability to obtain
17   credit from lenders.  Hendricks Decl. ¶ 3, Dkt. 83.
18         AmeriCredit counters that if Plaintiffs truly were concerned about delay, they would
19   have agreed to submit their claims to arbitration in the first instance.  Def.'s Mot. at 9;
20   Reply at 6.  This contention is unpersuasive.  It is Plaintiffs' prerogative to present their
21   claims in a court, as opposed to arbitration, particularly where, as here, there is legal
22   authority supporting their right to do so.  Plaintiffs' decision to exercise such right does not
23   undermine the potential harm caused by the placement of derogatory information placed on
24   their credit report by AmeriCredit.  At the same time, Plaintiffs' evidentiary showing is not
25   particularly compelling in the context presented.  While Plaintiffs may have shown that
26   additional delay may result some injury, they have made no showing with respect to any
27   harm to themselves specifically.  As pointed out by AmeriCredit, Plaintiffs fail to present
28   any evidence regarding how *they* or any class members have actually been injured, let alone

1  substantially injured, by AmeriCredit's reporting.  The Court therefore finds that, on
2  balance, the equities relating to stay favor AmeriCredit.

## IV. CONCLUSION

AmeriCredit has persuaded the Court that the orderly course of justice and the balance of hardships favor the imposition of a stay pending the Supreme Court's resolution of Concepcion.  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's motion to stay is GRANTED.  The Clerk shall administratively close the instant action.  Within thirty days of the Supreme Court's issuance of a written decision or order in Concepcion, the parties shall file a joint request to reopen the case and request that the Court to schedule a case management conference.  This Order terminates Docket 53, 76 and 85.

IT IS SO ORDERED.

Dated: March 7, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge