UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUAN A. CARDENAS and FLORENCIA HERRERA de CARDENAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No: C 09-04978 SBA<br><br>Related to:<br>C 09-04892 SBA<br><br>**ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR STAY PENDING APPEAL**<br><br>Docket 92 |

The parties are presently before the Court on the Defendant AmeriCredit Financial Services, Inc.'s ("AmeriCredit") Renewed Motion for Stay Pending Appeal. Dkt. 92. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

The parties are familiar with the facts of this case which are summarized herein only to the extent they are relevant to the instant motion. In 2005, Plaintiff Juan A. Cardenas entered into to an Installment Agreement ("Agreement") to facilitate the purchase of a new automobile. The Agreement contained an arbitration clause which provides, among other things, that: IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO

PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS." Paterson Decl. Ex. A, Dkt. 26-1. Mrs. Cardenas is not a signatory to the Agreement.

Mr. Cardenas subsequently defaulted on his payments, resulting in the repossession and eventual sale of his car. The proceeds from the sale were less than the amount owed by Mr. Cardenas, thereby creating a deficiency balance. After AmeriCredit attempted to collect the deficiency from Mr. Cardenas, he and his wife filed a class action lawsuit in state court on October 7, 2009, claiming that AmeriCredit had no right to collect from them on the ground that the Agreement failed to provide the requisite information specified by the Rees-Levering Automobile Sales Finance Act, Cal. Civ. Code § 2981, et seq. The Complaint alleges a claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., and seeks declaratory and injunctive relief. AmeriCredit removed the action to this Court, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), on October 29, 2009. Dkt. 1.

In response to the Complaint, AmeriCredit filed a motion to compel arbitration and dismiss, or alternatively, to stay, on the grounds that Plaintiff's claims are subject to the arbitration clause contained in the Agreement. Plaintiffs countered that the arbitration clause is unenforceable, inter alia, because it allegedly is unconscionable and because claims for injunctive relief under the UCL are not arbitrable under California law. The Court denied AmeriCredit's motion in a written order issued on September 13, 2010. 9/13/10 Order, Dkt. 52. Though rejecting Plaintiffs' contention that the arbitration clause was unconscionable, the Court nevertheless concluded that under the California Supreme Court's decisions in Broughton v. Cigna Healthplans of Cal., 21 Cal.4th 1066, 1082 (1999) and Cruz v. PacifiCare Health Sys., 30 Cal.4th 303, 316 (2003), Plaintiffs could not be compelled to arbitrate claims for *injunctive relief* under the UCL. Id. at 12-15.

On October 12, 2010, AmeriCredit filed a Notice of Appeal under 9 U.S.C. § 16(a)(1)(B) from the Court's Order denying its motion to compel. Dkt. 64. Plaintiffs filed a cross-appeal based on the Court's finding that the arbitration clause was not unconscionable. Dkt. 67. AmeriCredit thereafter filed a motion to stay pending appeal, which the Court granted on March 8, 2011. Dkt. 76, 89. In granting AmeriCredit's motion, the Court reasoned that the Supreme Court's then forthcoming decision in AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740 (2011) ("Concepcion") would likely be instructive on the issue of whether the arbitration clause at issue is enforceable. 3/8/11 Order at 5, Dkt. 89. The Court stayed and administratively closed the action pending a decision in Concepcion, and instructed the parties to notify the Court within thirty days of the Supreme Court's decision. Id. at 8.

On April 27, 2011, the Supreme Court rendered its decision in Concepcion and held that the Federal Arbitration Act ("FAA") preempts California case law on unconscionability. The parties filed a joint request to reopen the action and to set a Case Management Conference. Dkt. 90. In that request, AmeriCredit sought to renew its request for a stay, and noted that it had filed a motion for summary reversal before the Ninth Circuit based on Concepcion. Id. at 2.[1] Accordingly, on June 1, 2011, the Court issued an Order reopening the action and setting a briefing schedule on AmeriCredit's renewed motion to stay. Dkt. 91. The motion has been fully briefed and is ripe for adjudication. Dkt. 92, 94 and 95.

## II. LEGAL STANDARD

A federal court has discretionary authority to stay an ongoing proceeding, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Britton v. Co-op Banking Group, 916 F.2d 1405,

---

[1] Under Ninth Circuit Rule 3-6(a), a party may move for summary reversal based, inter alia, on an intervening court decision.

1412 (9th Cir. 1990) (district court has the discretion to stay an action pending the appeal of an order denying a motion to compel arbitration).  In determining whether a stay is appropriate, the court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Landis, 299 U.S. at 254; accord Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).  A district court's decision to grant or deny a Landis stay is a matter of discretion.  See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  The party proposing the stay bears the burden of proving that such a discretionary stay is warranted.  See Clinton v. Jones, 520 U.S. 681, 708 (1997).

## III. DISCUSSION

### A. ORDERLY COURSE OF JUSTICE

AmeriCredit contends that its likelihood of succeeding on appeal has substantially increased in light of Concepcion, and therefore, it would be more efficient to await the Ninth Circuit's ruling on its appeal.  In particular, AmeriCredit contends that the two principal cases on which this Court relied in denying its motion to compel arbitration, i.e., Broughton and Cruz, are no longer controlling or impediments to compelling arbitration in light of Concepcion.

In Concepcion, the Supreme Court reviewed the Ninth Circuit's decision in Laster v. AT & T Mobility LLC, 584 F.3d 849 (9th Cir. 2009), cert. granted sub. nom, AT & T Mobility LLC v. Concepcion, 130 S.Ct. 3322 (May 24, 2010), which had held that a class action waiver provision in an arbitration agreement was unenforceable under the test for unconscionability set forth in Discover Bank v. Super. Ct., 36 Cal.4th 148 (2005).   The Supreme Court reversed Laster and held that the FAA preempts California's Discover Bank rule, and prohibits states from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures.  Concepcion, 131 S.Ct. at 1744, 1753.  The Court explained that "[w]hen state law prohibits outright the arbitration

of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." 131 S.Ct. at 1747.

In Broughton and Cruz, the California Supreme Court ruled that certain claims for injunctive relief under the State's consumer protection laws are not arbitrable. Broughton holds that claims for injunctive relief under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq., are not subject to arbitration. 21 Cal.4th at 1082. Cruz extended Broughton to claims for injunctive relief under the UCL, to the extent such claims are "designed to prevent further harm to the public at large rather than to redress or prevent injury to a plaintiff." 30 Cal.4th at 315. Given that both of these cases create an outright prohibition to the arbitration of certain types of claims, the application of Concepcion's "straightforward" analysis arguably compels the conclusion that the FAA preempts both of those cases. Indeed, another judge of this Court, citing Concepcion, has reached this conclusion. See Arellano v. T-Mobile USA, Inc., No. C 10-05663 WHA, 2011 WL 1842712, at *1 (N.D. Cal. May 16, 2011) ("the [FAA] preempts California's exemption of claims for public injunctive relief from arbitration, at least for actions in federal court.") (Alsup, J.).

Plaintiffs contend that AmeriCredit has waived its preemption argument on appeal because it did not initially raise such an argument in this Court. See Rotec Indus., Inc. v. Mitsubishi Corp., 348 F.3d 1116, 1119 (9th Cir. 2003) (recognizing that the failure to raise an issue in the district court waives the issue on appeal).[2] AmeriCredit concedes its prior failure to challenge Broughton and Cruz on the grounds that it is now pressing before the Ninth Circuit; namely, that the FAA preempts California law which precludes the arbitration of UCL claims in which the plaintiff is seeking a public injunction. Nonetheless, the question of whether Broughton and Cruz are now preempted by the FAA

---

[2] Plaintiffs are partially correct. In its reply brief in support of its motion to compel arbitration, AmeriCredit did not argue that the holdings of Broughton and Cruz were preempted by the FAA. Rather, AmeriCredit argued that these cases were inapposite on the ground that they apply only to "public injunctions," and that such a remedy was no longer available under the UCL. 9/13/10 Order at 13-15.

under Concepcion presents a purely legal question which the Ninth Circuit has the discretion to consider in the first instance. See Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 968 (9th Cir. 2010) ("we may exercise our discretion to consider an issue first raised on appeal if it is a pure question of law and the record is sufficient to review the issue."). In addition, the court of appeal has the discretion to consider AmeriCredit's arguments based on a change in the law. See In re Mercury Interactive Corp. Secs. Litig., 618 F.3d 988, 992 (9th Cir. 2010) (stating grounds for discretionary consideration of waived issues). Thus, the Court finds that AmeriCredit's failure to previously raise the issue of preemption is not necessarily fatal to its appeal or motion for summary reversal.[3]

Alternatively, Plaintiffs argue that even if AmeriCredit's arbitration clause is deemed enforceable on appeal, the claims of Mrs. Cardenas may proceed in this Court because she is not a signatory to the Agreement containing the arbitration clause.[4] The Court disagrees. The doctrine of equitable estoppel precludes Mrs. Cardenas from avoiding the arbitration clause contained in the Agreement while simultaneously predicating her UCL claim on alleged infirmities of that document. See Blinco v. Green Tree Servicing LLC, 400 F.3d 1308, 1312 (11th Cir. 2005) (holding that wife who did not sign a promissory note entered into by her husband was equitably estopped from challenging enforcement of the arbitration clause where her claims derived from the note); Washington

---

[3] AmeriCredit also contends that the matter of FAA preemption affects "the choice of forum," and therefore, may be raised at any time. Def.'s Reply at 3. This contention lacks merit. The cases cited by AmeriCredit reveal that this rule applies where the issue pertains to whether a state law cause of action is completely preempted by federal law. See Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260, 1266 (9th Cir. 1996) (addressing whether federal Fair Debt Collection Practices Act completely preempted Oregon Unfair Debt Collection Practices Act); Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1497 (9th Cir. 1986) (finding that an argument based on a preemption defense, as opposed to complete preemption "implicates only a choice-of-law question that is waived unless it is timely raised."). Here, the issue of whether the FAA preempts California case law does not pertain to the Court's subject matter jurisdiction, which is predicated upon CAFA.

[4] Although Plaintiffs raised this argument in its opposition to AmeriCredit's motion to compel arbitration, the Court considered the issue moot in light of its decision to deny the motion on other grounds. 9/13/10 Order at 2 n.1.

Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 267-68 (5th Cir. 2004) (holding under the doctrine of estoppel, a non-signatory wife could not "hav[e] it both ways" by "suing based upon one part of a transaction that she says grants her rights while simultaneously attempting to avoid other parts of the same transaction that she views as a burden-namely, the arbitration agreement").  In other words, Mrs. Cardenas must accept both the benefits as well as the burdens of the Agreement, including its arbitration clause.  But even if the arbitration clause is not binding on Mrs. Cardenas—which it is—it would nonetheless be more efficient for the Court and the parties to await the Ninth Circuit's decision on whether the arbitration clause is enforceable.

### B.   BALANCE OF HARMS

In its prior stay order, the Court concluded that the balance of harms favored granting AmeriCredit's motion to stay pending appeal.  3/8/11 Order at 6-8.  Specifically, the Court found that if the parties were required to proceed with the litigation and the court of appeals were to subsequently conclude that the arbitration clause is enforceable, the benefits of arbitration—namely, speed, efficiency and cost saving—would be lost.  In contrast, the Court concluded that Plaintiff's claim of harm from the delay was unsubstantiated.  In the context of the instant motion, the parties have not presented the Court with any new arguments or evidence to cause it to reevaluate its prior assessment of the balance of hardships, which the Court finds continue to weigh in favor of a stay.

### IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.   Defendant's renewed motion to stay is GRANTED.

2.   The Clerk shall administratively close the instant action.  Within thirty days of the Ninth Circuit's resolution of the appeal in this action, the parties shall file a joint request to reopen the case and request that the Court to schedule a case management conference.  The joint statement shall specify the parties' respective proposals for the further scheduling of the action.

3. The motion hearing scheduled for July 26, 2011, is VACATED.

4. This Order terminates Docket 92.

IT IS SO ORDERED.

Dated:  July 19, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge